UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DERRICK BENDER | No. 08 CR 887<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Derrick Bender is currently serving a 274-month term of imprisonment for bank robbery and for using, carrying, and brandishing a firearm during and in relation to a crime of violence. He filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). R.60. For the reasons set forth below, the motion is denied.

**Background**

The following facts are drawn from the underlying proceedings in Bender's criminal case. On August 7, 2008, Bender entered Chase Bank at 850 South Wabash in Chicago with a loaded revolver drawn and demanded money. He pointed the gun at several employees, ordered one woman to her knees, and pushed her on the ground. When the bulletproof glass prevented him from getting money from the bank tellers, Bender instead robbed individual customers and employees at gunpoint. Later the same day, Bender went to ABC Bank, where he demanded money while brandishing his weapon and received $9,000 from the teller.

About two months later, on October 29, 2008, Bender robbed the same ABC Bank with a loaded semiautomatic handgun. He pointed the gun at several employees

1

and demanded money. He then put a note on the counter that read, "You have axctally 10 minutes to load this bag up. or Im killing you and everybody in this muthin fuckin bank. Thank you & have a nice day." After a teller gave him $1,660, Bender pointed his gun at employees again while yelling, "Do you guys want to die?" and "I'm going to kill you!" Bender then fled the bank with most of the money.

Soon after, police officers cornered Bender in the stairwell of a nearby building and ordered him to put his hands up. Instead, Bender pulled his handgun out of his coat. He eventually tossed the gun to the ground but refused to exit the stairwell. Officers wrestled him to the ground and arrested him.

On November 12, 2008, Bender was charged by indictment with bank robbery for the October 29 robbery, and with using, carrying, and brandishing a firearm during and in relation to a crime of violence. On March 16, 2009, pursuant to a plea agreement, Bender pled guilty to both counts. He also stipulated to committing the bank robbery and attempted robbery on August 7, 2008.

At the August 5, 2009 sentencing hearing, the government emphasized the extremely dangerous nature of Bender's conduct. It requested a guideline sentence between 188- and 235-months' imprisonment on Count One, and a seven-year (the mandatory minimum) consecutive sentence on Count Two.

Bender advocated for a 15-year sentence. He offered mitigating factors including mental disorders and what he termed "a raging PCP addiction." R. 47, at 1. He submitted a neuropsychologist's report stating that "brain damage and executive misfunction compromised [his] capacity to inhibit and/or control his behavior at the

2

time of the offense." R. 47, at 10. Separately, a social worker concluded that intensive drug treatment was a "necessary first step towards [Bender's] full and complete rehabilitation." R. 47, at 12.

The Court sentenced Bender to a term of 190 months' imprisonment on Count One and a consecutive term of 84 months imprisonment on Count Two, for a total term of 274 months' imprisonment.

Bender is incarcerated at USP Lee. On September 17, 2021, he filed a *pro se* motion for compassionate release on the ground he has been rehabilitated and no longer poses a danger to the community. According to BOP, Bender has a projected release date of July 7, 2028.

**Legal Standard**

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), a court may modify a term of imprisonment upon a motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal" and 30 days have passed without the Bureau of Prisons filing a motion on the defendant's behalf. In determining whether a sentence reduction under § 3582 is appropriate, courts must look to (1) whether "extraordinary and compelling reasons" warrant a reduction; and (2) whether a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (explaining the two-step process for reviewing compassionate release motions); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020) (holding that the examples of "extraordinary and compelling reasons" listed in § 1B1.13, while not mandatory, are

3

"instructive" in determining the meaning of that term on motions brought by defendants).

## Discussion

The government does not dispute that Bender has satisfied the statutory exhaustion requirement. The next question is whether Bender has established extraordinary and compelling reasons warranting consideration of a sentence reduction. At a high level, Bender offers three reasons that he claims justify reducing his sentence: (1) he has made substantial rehabilitative progress while incarcerated, receiving treatment for his cognitive disorders and addiction while furthering his education; (2) he has been a model prisoner while in custody, demonstrating that he would not be a danger to the community if released; and (3) the portion of his prison term he has already served is "just punishment." The Court concludes that none of these proffered reasons, individually or collectively, are extraordinary and compelling within the meaning of § 3852(c)(1)(A)(i).

First, Bender's claims of cognitive and drug rehabilitation are not entirely supported by the record. His Bureau of Prisons medical records from preventative health screenings in 2020 and 2021 state that he has no history of mental health treatment. Bender disputes the information in these records, suggesting his treatment would be reflected in psychological records, not medical records, but offers few details about the treatment he claims to have received. That said, Bender does offer evidence of substance abuse treatment, including completion of drug education programs in 2010 and 2011.

4

However, even assuming Bender has made progress with his mental health and substance abuse while incarcerated, this is not an extraordinary and compelling reason under § 3852(c)(1)(A)(i). *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); *United States v. Colon*, 2020 WL 7260804, at *4 (N.D. Ill. Dec. 10, 2020). The "working definition" in § 1B.1.13 describes circumstances in which the defendant suffers from a terminal illness, is elderly with deteriorating health, or is the sole caregiver for an incapacitated child or partner. Guideline § 1B1.13, cmt. n.1. These examples do not apply to Bender, and while they are neither exhaustive nor exclusive in this case, "a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Gunn*, 980 F.3d at 1180. Additionally, Bender's progress toward overcoming addiction in prison, while commendable, is not an uncommon accomplishment for prisoners, given Congress's directive that the BOP make substance abuse treatment available to any prisoner it determines to have a treatable substance abuse condition. *See Bowen v. Hood*, 202 F.3d 1211, 1217 (9th Cir. 2000). Moreover, the fact that illegal substances are not available in prison (or at least not as easily accessible as on the outside) makes overcoming addiction when serving a lengthy sentence more predictable.

Bender additionally attests that he should be eligible for a reduction in sentence because he has kept a clean record in prison, becoming "a model prisoner" who would not be a danger to the public if released. R. 66, at 5-6. He also cites his participation in violence prevention, anger management, and GED programs. This is

5

also commendable. But contrary to his claims, Bender's BOP records document two disciplinary incidents. *See* R. 64, at 18-20. On May 11, 2020, Bender was disciplined with the loss of 27 days of good time credit for a fistfight with his cell mate. Separately, on December 15, 2018, Bender was disciplined for possessing a "hazardous tool" and destroying it, losing at least 41 days of good time credit.

Bender seeks to minimize these incidents in his reply, but even so, maintenance of a clean disciplinary record is neither extraordinary nor compelling. *See United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). And Bender's contention that his rehabilitation and general good behavior should be credited more heavily considering his background and the nature of his offense would perversely reward him for committing a serious violent crime in the first place. Adherence to prison rules is the expectation, not an extraordinary accomplishment. Good behavior is rewarded with good time credits under 18 U.S.C. § 3624(b), not with a sentence reduction.

Finally, the fact that Bender has already served a substantial term of imprisonment does not warrant the relief he seeks. The Seventh Circuit has explained that § 3852(c)(1)(A)(i) does not grant district courts discretion to reduce a lawful sentence merely because it is lengthy. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021); *Ugbah*, 4 F.4th at 597 ("We explained in *Thacker* that § 3582(c)(1) does not treat a long but lawful sentence as itself an extraordinary or compelling reason for a lower sentence.").

While the lack of an "extraordinary and compelling" justification for a reduction in sentence is sufficient to deny Bender's motion, the Court also notes that the §3553(a) factors do not support relief. His offense was extremely serious and involved robbing multiple banks over several months. He brandished a loaded weapon, putting innocent people a trigger pull away from serious injury or death. The many people he threatened to kill were left with lasting trauma. Bender's lengthy criminal history also exposes that these were not isolated incidents, but the continuation of a string of criminal exploits. The Court's original sentence considered many of the mitigating factors Bender cites here, and it finds no cause to depart from that reasoning now.

## Conclusion

For the foregoing reasons, Bender's motion to reduce his sentence [R. 60] is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 21, 2022